# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

**FILED**
UNITED STATES DISTRICT COURT
DENVER, COLORADO

**MAY 10 2021**

JEFFREY P. COLWELL
CLERK

Civil Action No. _____
(To be supplied by the court)

RODNEY DOUGLAS EAVES
_____, Plaintiff

v.

JARED POLIS
_____,

DEAN WILLIAMS
_____,

GYPSY KELSO
_____,

See Attached
_____, Defendant(s).

*(List each named defendant on a separate line. If you cannot fit the names of all defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed in the above caption must be identical to those contained in Section B. Do not include addresses here.)*

---

## PRISONER COMPLAINT

---

### NOTICE

Federal Rule of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should not contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include only: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

**Plaintiff need not send exhibits, affidavits, grievances, witness statements, or any other materials to the Clerk's Office with this complaint.**

**Defendant(s) Cont.**

ANTHONY A. DECESARO,

MARSHALL GRIFFITH,

JERRY ROARK,

DAVID HESTAND,

STEVEN SALAZAR, Defendants.

## A.    PLAINTIFF INFORMATION

*You must notify the court of any changes to your address where case-related papers may be served by filing a notice of change of address. Failure to keep a current address on file with the court may result in dismissal of your case.*

Rodney Eaves,DOC# 173190, BCCF, 11560 C.R. FF 75, Las Animas, CO. 81054

(Name, prisoner identification number, and complete mailing address)

(Other names by which you have been known)

*Indicate whether you are a prisoner or other confined person as follows: (check one)*

____    Pretrial detainee

____    Civilly committed detainee

____    Immigration detainee

**X**    Convicted and sentenced state prisoner

____    Convicted and sentenced federal prisoner

____    Other: (*Please explain*) _____

## B.    DEFENDANT(S) INFORMATION

*Please list the following information for each defendant listed in the caption of the complaint. If more space is needed, use extra paper to provide the information requested. The additional pages regarding defendants should be labeled "B. DEFENDANT(S) INFORMATION."*

Defendant 1:    Jared Polis, Governor State of Colorado, 136 State Capital

(Name, job title, and complete mailing address)

Bldg, Denver, CO. 80203

At the time the claim(s) in this complaint arose, was this defendant acting under color of state or federal law?  **X** Yes ___ No (*check one*). Briefly explain:

Govenor is bound by State and Federal Constitutions.

Defendant 1 is being sued in his/her ___ individual and/or **X** official capacity.

2

Defendant 2:    Dean Williams, Executive Director, CDOC,_____
                (Name, job title, and complete mailing address)

                1250 Academy Park Loop, Colorado Springs, CO. 80910

At the time the claim(s) in this complaint arose, was this defendant acting under color of state or federal law?  __X__ Yes ___ No (*check one*).  Briefly explain:

Executive Director for Colorado Dept. of Corr. (CDOC) enforces

State and Federal Laws in CDOC.

Defendant 2 is being sued in his/her ___ individual and/or __X__ official capacity.

Defendant 3:    See Attached_____
                (Name, job title, and complete mailing address)

_____

At the time the claim(s) in this complaint arose, was this defendant acting under color of state or federal law? ___ Yes ___ No (*check one*).  Briefly explain:

_____

_____

Defendant 3 is being sued in his/her ___ individual and/or ___ official capacity.

## C.    JURISDICTION

*Indicate the federal legal basis for your claim(s): (check all that apply)*

__X__    42 U.S.C. § 1983 (state, county, and municipal defendants)

____    *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971) (federal defendants)

____    Other: (*please identify*) _____

3

Defendants Continued,

Defendant 3: Travis Trani, Deputy Director, CDOC
                1250 Academy Park Loop, Colorado Springs, CO. 80910

      At the time of this complaint, this Defendant was acting under
      color of State and Federal law because,
      Deputy Director enforces State law and CDOC policy within
      the limits of the Federal Constitution.

      Defendant 3 is being sued in his official capacity.

Defendant 4: Gypsy Kelso, Faith and Citizens Cordinator, CDOC
                1250 Academy Park Loop, Colorado Springs, CO. 80910

      At the time of this complaint this Defendant was acting under
      color of State and Federal law because,
      Faith and Citizens enforces and adapts CDOC policy for
      religious faiths within the limits of the Federal Constitution.

      Defendant 4 is being sued in his offical capacity.

Defendant 5: Anthony A. DeCesaro, Grievance Officer, CDOC
                1250 Academy Park Loop, Colorado Springs, CO. 80910

      At the time of this complaint this Defendant was acting under
      Color of State and Federal law because,
      Grievance Officer is to bring to the attention of CDOC and
      its governing body violations of Federal Constitution.

      Defendant 5 is being sued in his offical capacity.

Defendant 6: Marshall Griffith, Grievance Officer, CDOC
                1250 Academy Park Loop, Colorado Springs, CO. 80910

      At the time of this complaint this Defendant was acting under
      color of State and Federal law because,
      Grievance Officer is to bring to the attention of CDOC and
      its governing body violations of Federal Constitution.

      Defendant 6 is being sued in his offical capacity.

Defendant 7: Jerry Roark, Warden at Bent County Correctional Facility (BCCF)
11560 County Rd. FF75, Las Animas, CO. 81054

At the time of this complaint this Defendant was acting under
color of State and Federal law because,
Warden has authority to enforce or overide policy set
by Govenor or CDOC Executive Director at his facility if it
does not comply with the Federal Constitution.

Defendant 7 is being sued in his offical capacity.


Defendant 8: David Hestand, Chaplain at BCCF
11560 County Rd. FF 75, Las Animas, CO. 81054

At the time of this complaint this Defendant was acting under
color of State and Federal law because,
Chaplain is an advocate to the protection of religious
practice under direction of the Govenor, Executive Director of
CDOC, and the Warden at BCCF withit the limits of the Federal
Constitution.

Defendant 8 is being sued in his official capacity.

Defendant 9 : Steven Salazar, Programs Cordinator at BCCF
11560 County Rd. FF75, Las Animas, CO. 81054

At the time of this complaint this Defendant was acting under
color of State and Federal law because,
Programs Cordinator has the duty to insure Religious services
are conducted with the protection of rights in mind within
the limits of the Federal Constitution.

Defendant 9 is being sued in his official capacity.

## D. STATEMENT OF CLAIMS

Claim One: Violation of First Amendment of the U.S. Constitution,
42 U.S.C. § 1996 and 42 U.S.C. § 2000cc.

Supporting Facts:

The Colorado Department of Corrections (CDOC) and its contractor CoreCivic enforce insensitive and inflexible policies in violation of my First Amendment rights without consideration of their effect on my traditions or beliefs.
They have done this by enforcing the following:

1. Through multiple formal and informal requests and grievances I requested the right to posses sacred items for personal religious practice. (See grievance No. R-BF20/21-00174522-1 through 00174522-3).
David Hestand, Steven Salazar, Marshall Griffith, Jerry Roark, Gypsy Kelso, Travis Trani, Dean Williams and Jared Polis have denied me this right. They claim they are relying the CDOC's policy AR-800-01 to deny me this right. However, the outright denial is not the least restrictive means available.

2. These individuals explanation for the denial of my First Amendment right was "AR Form 800-01G (Allowable Personal Faith Property) cannot be accommodated due to these property, space and security guidelines. Due to the March 1, 1999 tobacco ban, no personal ceremonial pipes are allowed in the Colorado Department of Corrections." However, no explanation is given how my request affects these concerns but seems to be a blanket denial. In Civil Action No. 95-Z-2476 (In the United States District Court for the District of Colorado), NATIVE AMERICAN COMMUNITY OF THE COLORADO DEPARTMENT OF CORRECTIONS, et al., v. COLORADO DEPARTMENT OF CORRECTIONS, et al., an agreement was reached. On page 2, ¶2 it states there is a smoking ban exception even with regards to the possession of personal ceremonial pipes.

3. There are least restrictive means available rather than outright denial. CDOC could have proof of BIA numbers for proof of membership to a Federally recognized tribe before specific faith items could be issued. This would limit every inmate from possessing items that are sacred. These items could also be kept in the chaplains office or similar secured area until they are needed to observe religious holidays or ceremonies.

4. To deny me the possession of sacred personal faith items is to deny my First Amendment right. The denial of a personal Pipe forces me to assimilate to another tribes rites and ceremonies. It also prevents me from being directly responsible to the Creator for my thoughts and prayers. The denial of a personal Handdrum prevents me from feeling the heart beat of my relatives and communing with them in song and prayer. The denial of a personal Rattle prevents me from calling upon different Spirits for protection and healing. The denial of a personal Flute prevents me from expressing love for Sky Beings and the union of marriage with my Wife and the respect due to the female form in all things. The denial of a personal Ribbon Shirt and Dance Bells prevents me from showing respect when I commune with my Grandmother during Dance and Drum Circles.

5. These sacred objects are fundamental for personal ceremonies. Ceremonies are the primary vehicles of my way of life and expression. Without these objects CDOC and its administrators are denying me a connection with the Creator, my Relatives, and the Spirits of all beings. Without these life-giving objects the CDOC and its administrators have prevented me from spiritual healing and has thrown my spirit out of balance and harmony. These sacred objects are the center and only way in spiritual practice. They provide the only connection to spiritual powers and there is no substitute for these objects. Each object expresses and varies differently according to tribal tradition or vision. By forcing me to use communal objects is a failure to recognize faith, rites, and practices of all Native Peoples. These policies and denials are aimed at the continual cultural genocide of mine and my Peoples way of life.

Claim Two: Violation of First Amendment of the U.S. Constitution,
42 U.S.C. § 2000cc and 18 U.S.C. § 666(a)(A)(i).

Supporting Facts:

The Governor for the State of Colorado, Jared Polis, The Executive Director of CDOC, Dean Williams, his Deputy Director Travis Trani, and their Faith and Citizens Cordinator, Gypsy Kelso, and their grievance officers, Anthony A. DeCesaro and Marshall Griffith, along with CoreCivics Warden, Jerry Roark and his employees David Hestand and Steven Salazar are responsible for the theft of Federal funds provided to the State of Colorado for religious services within corrections. Then forcing me to either pay for materials needed for religious ceremonies or do without, which violates my most basic right to practice my faith.

1. On 06-04-19 I notified Chaplain Hestand it had been almost 90 days since I had participated in a ceremony because I was being forced to purchase firewood and herbs needed for these ceremonies which I did not have funds to purchase these necessities. In response he told me per the Colorado Constitution CDOC was not responsible for the financial procurement of faith based property. (See Grievance No. R-BF 18/19-00153056-1).

2. On 06-14-19 I filed a step 1 grievance informing him that this was in contradiction to AR 800-01, p.11 (VI) which stated the authority for religious services was based on the First Amendment and Cruz v. Beto, 405 U.S. 319 (1972) and State law CRS 17-42-102. (See Grievance No. R-BF 18/19-00153056-1).

3. On 07-03-19 I filed a step two grievance again informing him that I am relying on the First Amendment which the A.R. sites as its authority and not the Colorado Constitution. Steven Salazar the chief of programs at Bent County Correctional Facility claims the step one response was appropriate. (See grievance No. R-BF 18/19-00153056-2).

4. On 07-11-19 I filed a step-three grievance again making a First Amendment claim and that Federal funds were not being used for Native Americans (Which I am an enrolled member of the Federally recognized tribe of the Sac & Fox Nation of Stroud, Oklahoma) and I was being forced to pay for my most basic needs to practice my faith. Marshall Griffith denied the grievance and Anthony A. DeCesaro with the full authority of the Executive Director, Dean Williams and his office, stated the response I received from BCCF and its employees was appropriate. (See Grievance No. R-BF 18/19-00153056-3).

5. This policy not only is a misappropriation of Federal funds because no other Judeo-Christian religions    pay to participate in a service. However, the Asatru, Wiccan, and Native American faiths are required to submit monies into the faith funds if they want to conduct a service. By law I am protected from this sort of religious persecution. It is not equal protection to provide for one particular faith and force me to accept acquisitive capitalism at the expense of religious freedom. To deny me the basic needs necessary to perform a ceremony without payment is to deny me my First Amendment right.

Claim 3: Violation of First Amendment of the U.S. Constitution and 42 U.S.C. § 2000cc.

Supporting Facts:

The Governor for the State of Colorado, Jared Polis, the Executive Director of CDOC, Dean Williams, the Deputy Director of CDOC Travis Trani, and their Faith and Citizens Cordinator Gypsy Kelso along with CoreCivic's BCCF Warden Jerry Roark and his employee David Hestand are responsible for the corruption of my spiritual identity and value systems.

1. On 07-20-20 the afore mentioned individuals denied me the right to spiritually cleanse my cell or embellish any objects like a headband or medicine bag with stones or beadwork. (See submission of AR form 800-01-J Memo ID# 1131).

2. On 09-09-20 Gypsy Kelso states "while we respect offenders' personal beliefs, the CDOC is unable to accommodate every request for practices that fall outside of those required by faith tenet." The CDOC outright denied me the right to spiritually cleanse my living space or embellish my medicine bag with beadwork or stone without consultation or compromise.

3. Considering medicine bags must be worn under the shirt and is not viewable by staff or inmates it should not matter if it is embellished with beadwork or stones. Beadwork for me and my People is a statement of religious belief and spirituality and are expressions of culture.

4. To outright deny this request is to force me to separate my faith and culture which is indispensable and non-negotiable. Culture and spiritual belief and practices such as doning medicine bags or bundles with stones, who are living beings with spirits, and beadwork, which is an expression of spirituallity, are inseparable. To deny embellishments denies me the ability to invite these spirits to come and become apart of me. Denies invocation with the Creator and the creations made to help protect and heal me. This sort of outright denial when there is least restrictive means available clearly violates my First Amendment right.

Claim Four: Violation of the U.S. Constitution First and Fourteenth Amendments and 42 U.S.C. § 2000cc.

Supporting Facts:

Warden Jerry Roark and his employees David Hestand and Steven Salazar have violated and continue to violate my First Amendment right to practice my faith and give equal protection under the law for protections provided to other faiths.

1. On 01-17-20 Jerry Roark, David Hestand, Steven Salazar and Inmate witness Martin Bullshows, DOC #161570 and I attended a meeting in the Chaplain's office to address CoreCivic's continual thwarting of my Native American practices. During this meeting the following issues were addressed:

1.A. I had made personal fund contributions so I could participate in ceremonies like Sweat and Pipe. Firewood is needed for these ceremonies. However, the ceremonies were denied to me even after the purchase of wood because wood I purchased was stolen or given to the Asatru and Wiccan faiths. (See Grievance No. R-BF 17/18-00129421-1). I discovered this had been happening for years because the wood coming into the facility does not belong to anyone faith as claimed by BCCF. Yet it is my funds used to purchase the wood and other faith items from other faiths, either through donation or purchase are not available for use or consumption by other faiths. I submitted not once, but twice, a proposal to have wood placed in separate areas so wood purchased by me for my ceremonies would not be used by other faiths or be stolen by staff. Ronald Pickens, DOC #65956, Chaplain Hestand's parapro, typed up the handwritten proposal and Hestand Emailed it to maintenance and Warden Roark for approval. To the date of this complaint, these individuals have failed to protect purchased faith materials from being taken and used by staff or other faiths at my expense.

1.B. Issue 1.A. brought up record keeping and acountablility. When I would make payments so I could purchase wood and herbs for ceremonies I could never get a balance for the account so I knew if I had enough money to have a ceremony. When I tried to grieve this matter I was denied. I was told pursuant to AR 800-02 (IV) (2) funds donated no longer belonged to me and therefore pursuant to AR 850-04 (IV) (D) (1) this issue was not grieveable because it was not my funds personally. When I would have wood or herbs purchased there were no receipts or invoices for purchases and inferior products were purchased. This prevented me from knowing who much money was spent and what was left in the account. Its as if I was giving these individuals a blank check to purchase the items I needed for my ceremony. To the date of this complaint these individuals have failed to provide a secure and hospitable way to protect me from theft, price gouging, and provide accountability so I know how much of my money has been spent and for what.

1.C. Issue 1.B. brought up the issue of a firewood vendor. For years I have bought firewood from the vendor provided by CoreCivic, a man named Sam Fife, who charged me $150.00 for $3/4$ of a cord of wood. No receipt allows these individuals to charge what they want without proof of whats provided. I am not allowed to see or inspect the product I've purchased to make sure it is what I bought. Again when I tried to grieve this issue I was told because the wood was purchased from the religious fund it did not belong to me pursuant to AR 800-02 (IV) (2) and was not grieveable pursuant to 850-04 (D) (1). Because I could not afford to purchase wood to continue practicing my faith I had family on the outside of the facility contact Sam Fife to purchase wood to be delivered to the facility. A refusal was made to my family and Mr. Fife contacted the facility and informed them my family had attempted to purchase wood for the Native Americans. I was promptly called to the chaplain's office and threatened with a Code of Penal Discipline for solicitation of staff. So I asked Warden Roak, Chaplain Hestand and Programs Salazar to provide a list of other vendors because the wood was expensive to purchase and the wood I did receive was old scrap wood and not of a quality a normal firewood vendor would provide. I was refused this request and to the date of this complaint these individuals have failed to provide a possible alternate vendor for wood so I can practice my faith unimpeded. I am still forced to purchase the same product under the same conditions if I want to participate in a ceremony.

1.D. At the meeting I also pointed out that all the Judeo-Christian faiths at BCCF have a set schedual and their religious days are observed without interuption. However, when I tried on many occcassions to attend a Native American ceremony I was denied because the date for observance was moved by staff without notice. When I tried to grieve this issue I was again told that pursuant to AR 800-01 (III) (I) this was a group faith schedual and was not a personal matter. If I was being denied to practice in my cell I could grieve the issue pursuant to AR 800-04 (D) (1). At the meeting Warden Roark, Chaplain Hestand,

and Programs Salazar agreed a set schedual should be set because I was not the only one complaining about the constant random changes in schedualing without notice. To the date of this complaint these individuals have failed to provide a reasonable schedual or notification system for my faith.

1.E. Like many other religions the cornerstone of my beliefs and practices is sacred objects. Staff at BCCF do not consult with Elders or Medicine Men or Medicine Women to understand the significance of proper handling of such objects. There is also no training provided to staff so they understand some objects are not to be touched if at all possible. Being in a correctional setting it is understandable property may need to be searched at anytime for security reasons. However, the sanctity of my religious items should be honored in the same way one honors the sanctity of sacred objects in any house of worship. When I tried to grieve this issue I was again denied a grievance because the property held in the Chaplains office is "communal property" (See AR 800-01 Form E) and therefore could not be grieved pursuant to AR 800-04 (IV) (D) (1). At the meeting I requested that items should be visually inspected rather than manually inspected and that most of the time searches were conducted outside the presents of the objects caretaker. Warden Roark basically laughed and told me they would search what they want, when they want, and they were not required to visually inspect sacred objects and training would not be provided to the contrary. This practice continually allows staff to search sacred objects without any respect and leads to abuse without discretion. To the date of this complaint these individuals refuse to provide sensitivity training for staff so they understand the sanctity of sacred objects and how they should be treated.

1.F. According to Colorado Law CRS 17-42-101 an individuals right to practice their faith while incarcerated would be protected. Legislators however perceived a special problem for Native Americans and wrote into law additional protections specifically for me. This is because I am a member of a Federally recognized tribe. Therefore, under CRS 17-42-102 I would have the freedom to practice my faith..In order to accomplish this there are items needed to practice this faith. At the meeting Warden Roark, Chaplain Hestand and Programs Salazar were made aware that I had been trying to aquire items for over four years. Specifically I needed new deer or elk antlers, willows for the structure of the Inipi, blankets to cover the Inipi, a tarp to cover the Inipi and stones. All these items were promised at the meeting, as they were before when speaking informally to these individuals. However, they have yet to be provided. When I tried to grieve this issue I was denied because pursuant to AR 800-01 Form E this property is communal and not personal property and therefore could not be grieved pursuant AR 850-04 (IV) (D) (1).. To the date of this complaint these individuals have failed to provide the necessary materials needed to practice my my faith freely.

1.G. Again I brought up at the meeting that CRS 17-42-102 (2) (a) required CDOC and BCCF staff to provide access to American Indian spiritual leaders. That access to such leaders are important because they would help me in protecting and preserving my rights. I was told by Chaplain Hestand there were none available anymore. So I asked if research could be conducted to locate Native Spiritual Leaders and I was told by Chaplain Hestand he would do this. To the date of this complaint these individuals have failed to provide a single spiritual leader, much less provide any indication that research has been done to locate one. Without access to an Elder or "Spiritual Leader" it becomes increasingly difficult to practice my faith without oppression.

2. At the conclusion of the meeting Warden Roark promised he would implement a
   monthly check up to see if we were progressing towards getting some of these
   issues addressed. Since then not once has any of these issues been addressed.
   Warden Roark, Chaplain Hestand and Programs Salazar continue to violate my
   First Amendment rights because they refuse to help make the practice of my
   faith without barriers easier. They also cannot blame the pandemic for
   their failure because CDOC has temporarily suspended faith programs and
   during this time it would have been the most excellent time to figure out
   ways to solve some of these problems while programs were suspended. However,
   not one effort has been put forth by these individuals and when programs
   resume it will be oppressive business as usual.

3. To demonstrate the wanton neglect of my faith needs, on 07-16-2020 I sent a
   kite to Chaplain Hestand asking about locating a tarp, rocks and willows.
   I even state that during the time programs have been suspended it would be
   a good time to do research to locate these things. Even a simple getting on
   a websight to locate a tarp so at least I would know how much it would cost.
   Even this was denied as the chaplain replied "According to DOC all requests
   will not be considered and will be denied until the current social distancing
   and concerns for COVID-19 in DOC facilities has passed..." However, to
   demonstrate and support my claim of discrimination against my faith see
   Claim Five. These individuals continue to oppress my freedom of religion
   while supporting Judeo-Christians religions.

4. I fear retaliation for even filing this complaint. On 08-05-2020 I was
   approached by Programs Salazar and threated with C.O.P.D. charges if I
   continued to file grievances on behalf of the Native American community.
   I sent a kite to my case manager notifying her I was threatened and filed
   an informal. However, even now I feel when this complaint is filed
   harrasment of my property and my faith or being transfered to a more
   confining facility will be in my future.

Claim 5: Violation of U.S. Constitution First and Fourteenth Amendments and
         42 U.S.C. § 2000cc.

Supporting Facts:

During the COVID-19 pandemic CDOC and BCCF staff have continued to support and provide services for Judeo-Christian religions while out right denying me my way of life as a Native American when there are least restrictive means available. This violates my First Amendment right especially during these hard times of suffering and the need for spiritual healing is great.

1. On or about the third week of March of 2020, all programs had been suspended by CDOC at the direction of Governor Polis and the Executive Director Williams. Since then other programs such as G.E.D. Judeo-Christian faiths, Eastern and Middle-Eastern faiths, law library, regular library, chow hall, and recreation have had accomidations for their programs so they could continue even during COVID-19 restrictions. However, no effort has been made to accomidate my Native faith.

2. On 07-10-2020 I filed a step 1 grievance stating if accomidations could be made for other programs I should be allowed out to the faith grounds to conduct a personal ceremony. The rec yard is next to the faith grounds and I couldsubstitute rec time with a ceremony. I was denied and told I could pratice in my cell. (see grievance No. R-BF 20/21-00174523-1). However, as I explained before my faith requires the use of sacred items. I am denied per to posses my own and in grievance No. R-BF 20/21-00174522-1 filed 07-10-2020, responded to on 07-22-2020 before the accomidations grievance on 08-04-2020, I am told "these items are part of the commual (sic) property items and they are stored in a faith box in my office. These items will not go to the housing units." If I cannot go to the faith grounds to use communal items, cannot posses my own, then I am denied to practice my faith even in my cell. This violates my First Amendment right to practice my faith as there are least restrictive means available rather than outright denial.

3. During the pandemic from March 2020, to the date of this complaint, on channel 82 (the CDOC facility channel) religious videos were played on a regular basis for Protestant, Islamic, Messianic Sho Far, Muslim, Buddist, and Church of Later Day Saints. I told Chaplain Hestand that if he went on the PBS website and there were videos to purchase on Native American culture and faith practices, that funds could be drawn from the faith fund to purchase them. He refused this request. For almost a year now nothing has been provided for my Native faith violating my First Amendment right and Fourteenth Amendment right to equal protection.

4. During the pandemic from March 2020, to the date of this complaint, the Chaplain's office has provided the following publications to offenders either through request or sending the publications to the units: Bible, Prophecy Unveiled, 21 Ways to Forgive, Our Daily Bread, The Word Among Us, Give Us This Day, Watch Tower, War Cry, Upper Room, Victory, Knowing The One Who Leads You, Faith to Faith, The Desire of the Ages, Steps to Christ, How to be a Child of God, Doing His Time, Las Buenas Noticias, Nuestro Pan Diario, El Aposento Alto, La Palabra Entre Nosotros, Como Ser Un Hijo De Dios, Historias Favoitas, and El Deveado De Todas La Gentes. However, not one publication was provided for my faith including the Indian Life newspaper which is received here at BCCF. When I requested any publications from the Chaplain I was denied. This violates my Fist and Fourteenth Amendment rights.

5. The facility here cannot claim that my denial to the faith grounds was due to a security issue. When the State wishes to make money security is of no concern. On 01-07-2021 during a phase III lockdown for COVID, inmates were being taken from different housing units and were going to work in the fullfillment program. If these inmates can go to work and mingle, I should be allowed to go out to the faith grounds with at least inmates from my unit to participate in a ceremony. To deny me my way of life claiming it is a security issue but allow other programs to mingle with eachother is a clear violation of my First and Fourteenth Amendment rights.

6. Being forced to practice my faith in my cell denies me the connection to
my Grandmother. Ceremonial rituals are done not only for communal and
individual prosperity, but provide a benefit to facility balance.
Providing access to so many other programs during the pandemic and yet
denying me my fundamental right to practice my way of life is not only
oppressive, but litteraly causes chaos within the facility. BCCF and the
CDOC could easily provide a least restictive means to practice my faith.
They could designate a specific time that my housing unit could use the
faith grounds, provide me the right to posses my own faith items so I
could sing and pray in my cell, allow the burning of sage and ceder to
purify under suspervision, provide a sympathetic faith cordinator who is
not bias towards non-Christian faiths, provide publications and or viewing
of Native American faith based music-pow-wows. However, none of these things
have even been attempted even after request and grievances. No matter how
I approach the situation even when there are less restrictive means
available I am still denied. COVID has made it even more difficult now and
I have not participated in a ceremony or been cleansed spiritually for
almost a year now, while other faiths get prayer rugs, rossaries, bibles,
gala beads, alters, publications, videos, and outside help and I am left to
struggle and suffer. This is not right or fair and violates my First and
Fourteenth Amendment rights.

## E.    PREVIOUS LAWSUITS

Have you ever filed a lawsuit, other than this lawsuit, in any federal or state court while you were incarcerated?  __**x**__ Yes ___ No (*check one*).

*If your answer is "Yes," complete this section of the form.  If you have filed more than one previous lawsuit, use additional paper to provide the requested information for each previous lawsuit.  Please indicate that additional paper is attached and label the additional pages regarding previous lawsuits as "E. PREVIOUS LAWSUITS."*

Name(s) of defendant(s):        El Paso Board of County Commisioners, et al.

Docket number and court:       16-CV-01065-KLM

Claims raised:       Use of Force, Due Process, and Confinement

Disposition: (is the case still pending?
has it been dismissed?; was relief granted?)   Pending trial set for November 2021

Reasons for dismissal, if dismissed:

Result on appeal, if appealed:

## F.    ADMINISTRATIVE REMEDIES

*WARNING: Prisoners must exhaust administrative remedies before filing an action in federal court regarding prison conditions.  See 42 U.S.C. § 1997e(a).  Your case may be dismissed or judgment entered against you if you have not exhausted administrative remedies.*

Is there a formal grievance procedure at the institution in which you are confined?

      **X** Yes ___ No (*check one*)

Did you exhaust administrative remedies?

      **X** Yes ___ No (*check one*)

## G.    REQUEST FOR RELIEF

*State the relief you are requesting or what you want the court to do.  If additional space is needed to identify the relief you are requesting, use extra paper to request relief.  Please indicate that additional paper is attached and label the additional pages regarding relief as "G. REQUEST FOR RELIEF."*

Injuctive- Issue a demand that Eaves be allowed to the ceremony grounds to have a ceremony in accordance with his faith. That he be allowed posses personal sacred faith items in accordance with his faith. That he be protected from harassment or transfer due to the filing of this complaint. And that he be allowed, under supervision, to cleans his living space in accordance with his faith.


Declaratory- Declare that the defendants did violate Eaves' First and Fourteenth Amendment rights. That the defendants did violate Federal statues and Eaves should be free from persecution.

## H.    PLAINTIFF'S SIGNATURE

I declare under penalty of perjury that I am the plaintiff in this action, that I have read this complaint, and that the information in this complaint is true and correct.  *See* 28 U.S.C. § 1746; 18 U.S.C. § 1621.

Under Federal Rule of Civil Procedure 11, by signing below, I also certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending or modifying existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

_____
(Plaintiff's signature)


_____02_/_23_/_21_____
(Date)

(Form Revised December 2017)

# INFORMATION AND INSTRUCTIONS FOR FILING
# A PRISONER COMPLAINT

Attached are the forms you will need to file a Prisoner Complaint.  All questions must be answered clearly and concisely in the appropriate space on the forms.  Attach an additional page if you need extra space to answer a question, clearly identifying the question to which the additional page pertains.  Absent prior order of the court, the total length of the Prisoner Complaint, including the form and all additional pages, may not exceed thirty pages.  Pursuant to the Court's local rules, the Prisoner Complaint and all other papers must be typewritten or legibly handwritten, text shall be printed on only one side of each page, all documents must be filed on paper that measures 8.5 inches by 11 inches, and all papers shall include margins of 1.5 inches at the top and 1 inch at the left, right, and bottom.

You should exercise care to assure that all answers are true, correct, and complete.  You are cautioned that any deliberately false statement of a material fact may serve as a basis for prosecution and conviction for perjury.  You must sign each form.  Further instructions for completing these forms are provided below.

## The Filing Fee and 28 U.S.C. § 1915

1.      Prisoners seeking leave to proceed under 28 U.S.C. § 1915 must comply with the following procedures.  Section 1915(h) defines a "prisoner" as "any person incarcerated or detained in any facility who is accused of, convicted, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program."

2.      The complaint must be accompanied by the full $350.00 filing fee plus an additional $50.00 administrative fee, for a total payment of $400.00.  The fees may be paid in cash, by money order, by credit card, or by check payable to:  Clerk, U.S. District Court.  There are no fees for a jury demand, an answer, or other similar papers.  A schedule of other fees charged by the Court is attacked to the Local Rules of Practice for the United States District Court for the District of Colorado.  A copy of the Local Rules of Practice is available from the Clerk of the Court or from the Court's website.

3.      If you want to commence an action without prepayment of fees or security, you must file a motion and affidavit for leave to proceed pursuant to 28 U.S.C. § 1915.  You also must submit a signed authorization for disbursement of funds from your inmate trust fund account and a certified copy of your trust fund account statement (or institutional equivalent) for the six-month period immediately preceding the filing of the complaint, obtained from the appropriate official of each penal institutional at which you are or were confined during the six-month period.  The Court cannot consider the merits of the claims asserted in any complaint filed without either the required filing fees paid in advance or a properly completed motion, affidavit, authorization, and certified copy of your trust fund account statement (or institutional equivalent).

(Rev. 8/24/15)

# AYD

EBD

KOKI

E

# YCA

# BYD

