IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 21-cv-01269-KLM

RODNEY DOUGLAS EAVES,

    Plaintiff,

v.

JARED POLIS,
DEAN WILLIAMS,
TRAVIS TRANI,
GYPSY KELSO,
ANTHONY A. DECESARO,
MARSHALL GRIFFITH,
JERRY ROARK,
DAVID HESTAND,
JASON SMITH
STEVEN SALAZAR
CLARA CASEBOLT,
LARRY COX,
JUSTIN ARRASMITH,
DERICK DOCKTER,
LUKE HOLLAND,
TIFFANY SALDANA,
COLIN CARSON, and
DONNY BRITTON,

    Defendants.

## THE GOVERNOR'S RULE 12(B)(1) AND (6) MOTION TO DISMISS

Defendant Jared Polis, the Governor of the State of Colorado ("the Governor"), by and through the Colorado Attorney General's Office and undersigned counsel, hereby moves to dismiss the Amended Complaint (ECF No. 66) pursuant to F.R.C.P. ("Rule") 12(b)(1) and (6). In support thereof, the Governor states as follows:

## D.C.COLO.LCivR 7.1(b)(1) Certification

Pursuant to D.C. COLO.LCivR 7.1(b)(1), undersigned counsel was not required to confer with Plaintiff before filing this Motion because it is brought under Rule 12 and Plaintiff is an unrepresented prisoner.

## ALLEGATIONS AND CLAIMS

Plaintiff *pro se*, Rodney Douglas Eaves, an inmate at the Bent County Correctional Facility ("BCCF") during the timeframe relevant to his Amended Complaint, brings suit against the Governor under 42 U.S.C. § 1983 alleging violations of the First and Fourteenth Amendments and the Religious Land Use and Institutionalized Persons Act ("RLUIPA") based on his Native American religious faith and practices. Specifically, the Amended Complaint alleges that while incarcerated at BCCF he was (1) denied his "right to possess sacred items for personal religious practice." (ECF No. 66, ¶ 7); (2) he was "forced to pay for firewood and herbs" for his religious ceremonies but federal funds are used to provide materials for other faiths (*id.* ¶¶ 95, 102); (3) denied the right to spiritually cleanse [his] cell or embellish his headband and medicine bag with beads and stones (*id.* ¶¶ 105, 115); (4) he purchased firewood and herbs for his religious ceremonies, but the firewood was given to other faiths (*id.* ¶¶ 127, 134); (5) the funds he places in a trust account to purchase firewood and herbs for use in his religious ceremonies have been misused (*id.* ¶¶ 137-38); (6) prevented from practicing the "Sac and Fox" way of life because of BCCF's implementation of protocols for the COVID-19 pandemic (*id.* ¶¶ 149-50); and retaliated against for filing since the time he filed his original complain this action (*id.* ¶ 166).

For relief, Eaves seeks the following injunctive relief: (1) allow Eaves to possess personal sacred objects; (2) recognize that beadwork is part of religious expression; (3) allow Eaves to embellish his medicine bag and headband; (4) allow Eaves to wear religious headwear and neckwear; (5) develop communication with the Native American faith communities; (6) rescind the Colorado Constitution; (7) allow Eaves to spiritually cleanse his cell; (8) stop "donating" materials belonging to the Native American faith group to other faiths; (9) provide a detailed account statement of who has donated and how much to the Native American faith fund for the past seven years; (10) provide a detailed account statement of the expenditures from the Native American faith fund for the past seven years; (11) develop a plan to allow Eaves to access the faith grounds at least once a week during lockdowns; and (12) stop the retaliation against Eaves. *Id.* at 31. Eaves also seeks compensatory and punitive damages. *Id.* at 31-32.

## LEGAL STANDARDS

The plaintiff bears the burden of establishing subject matter jurisdiction. *See Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974). "Rule 12(b)(1) motions generally take one of two forms: (1) a facial attack on the sufficiency of the complaint's allegations as to subject matter jurisdiction; or (2) a challenge to the actual facts upon which subject matter jurisdiction is based." *Ruiz v. McDonnell*, 299 F.3d 1173, 1180 (10th Cir. 2002) (citation omitted). Here, the Governor mounts a facial attack on the jurisdictional allegations in the Complaint based on Eleventh Amendment immunity. The Court must therefore "presume all of the allegations contained in the amended complaint to be true." *Id*. (citation omitted). "Because the State's assertion of

3

Eleventh Amendment immunity challenges the subject matter of the district court, the issue must be resolved before a court may address the merits of the underlying claim." *Joseph A. ex rel. Wolfe v. Ingram*, 275 F.3d 1253, 1259 (10th Cir. 2002).

To survive a Rule 12(b)(6) motion to dismiss for failure to state a claim on which relief can be granted, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The Court should "disregard conclusory statements and look only to whether the remaining, factual allegations plausibly suggest the defendant is liable." *Alpenglow Botanicals, LLC v. United States*, 894 F.3d 1187, 1195 (10th Cir. 2018) (quotations omitted).

**ARGUMENT**

The claims against the Governor must be dismissed for two reasons. First, the Eleventh Amendment bars Eaves's federal constitutional claims for injunctive relief because the Governor does not manage the day-to-day operations of BCCF. Second, even if the Court determines that it has jurisdiction over some or all of Eaves's federal constitutional claims, they still must be dismissed regardless of the type of relief sought for the reasons set forth in Colorado Department of Correction's forthcoming motion to dismiss, which the Governor hereby joins and adopts by reference herein in their entirety. Accordingly, the Governor respectfully requests dismissal of all of Eaves's claims pursuant to Rule 12(b)(1) and (6).

## I. The Eleventh Amendment bars Eaves's federal constitutional claims for equitable relief because the Governor does not manage the day-to-day operations of BCCF.

"The Eleventh Amendment is a jurisdictional bar that precludes unconsented suits in federal court against a state and arms of the state." *Peterson v. Martinez*, 707 F.3d 1197, 1205 (10th Cir. 2013) (quoting *Wagoner Cnty. Rural Water Dist. No. 2. v. Grand River Dam Auth.*, 577 F.3d 1255, 1258 (10th Cir. 2009)). To be sure, *Ex parte Young*, 209 U.S. 123 (1908), created an exception that permits "suits against state officials seeking to enjoin alleged ongoing violations of federal law." *Id.* (quotation omitted). When a state official is named as "a party defendant in a suit to enjoin the enforcement of an act alleged to be unconstitutional, it is plain that such officer must have some connection with the enforcement of the act, or else it is merely making him a party as a representative of the state, and thereby attempting to make the state a party." *Id.* (quoting *Ex parte Young*, 209 U.S. at 157). Thus, to overcome Eleventh Amendment immunity, the state official who a plaintiff seeks to enjoin must have "a particular duty to enforce" a statute in question and "a demonstrated willingness to exercise that duty." *Id.* (quotation omitted); *see also Chamber of Commerce of the United States v. Edmondson*, 594 F.3d 742 (10th Cir. 2010).

"But when a state law explicitly empowers one set of officials to enforce its terms, a plaintiff cannot sue a different official *absent some evidence* that the defendant is connected to the enforcement of the challenged law." *Id.* at 1207 (emphasis added). The connection is sufficiently "particular" when the challenged law imposes a duty on the defendant to enforce its provisions, or "may come by way of another state law [that

imposes such a duty], an administrative delegation, or a demonstrated practice of enforcing a provision." *Peterson*, 707 F.3d at 1207. Further, it is well-settled that the Governor may not be held vicariously liable for prison officials' alleged acts and omissions, so mere knowledge of or even acquiescence to the manner in which BCCF is allegedly managed is insufficient to establish a "particular" enforcement connection. *See, e.g., Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("vicarious liability is inapplicable to ... § 1983 suits"). Accordingly, Eaves must legally or factually tie the Governor to the day-to-day management of BCCF. The inability to do so means the Eleventh Amendment absolutely bars his federal constitutional claims for injunctive relief against the Governor.

Here, the prerequisite legal connection is absent because Colorado law imposes no duty on the Governor to manage *any* of the day-to-day operations of BCCF. *See* § 17-1-103(1)(a), C.R.S. (2020) ("The duties of the executive director [of the Colorado Department of Corrections] shall be . . . to monitor and supervise the activities of private contract prisons . . . ."). The absence of any legal duty to run prisons on the part of the Governor strongly suggests that Eaves named the Governor as a defendant "merely . . . as a representative of the state, and thereby [is] attempting to make the state a party" in contravention of the Eleventh Amendment. *Ex parte Young*, 209 U.S. at 157.

Moreover, the allegations against the Governor are implausible and none of the Governor's "specific duties would be affected by a judicial declaration respecting the challenged" wrongdoing. *Lucchesi v. State*, 807 P.2d 1185, 1194 (Colo. App. 1990) (upholding dismissal of the Governor as a defendant where plaintiff failed to

demonstrate how the Governor's duties would be affected by the requested judicial determination). Therefore, the Governor should be dismissed as a Defendant.

II. **Even if the Court determines that it has jurisdiction over Eaves's federal constitutional claims, they still must be dismissed regardless of the type of relief sought for the reasons set forth in CDOC Defendants' Motion to Dismiss Pursuant to Rules 12(b)(1) & 12(b)(6) of the Federal Rules of Civil Procedure.**

Undersigned counsel represents that she spoke with counsel of record for Colorado Department of Corrections ("CDOC"), and CDOC plans to file a motion to dismiss in response to the Amended Complaint. Pursuant to Rule 10(c), the Governor hereby joins and adopts by reference herein the arguments raised in the CDOC's forthcoming motion to dismiss in their entirety.

## CONCLUSION

WHEREFORE, for the foregoing reasons, the Governor respectfully requests that the Court dismiss all of Eaves's claims against him pursuant to Rule 12(b)(1) and (6).

DATED: May 26, 2022

                PHILIP J. WEISER
                Attorney General

                s/ Stefanie Mann
                STEFANIE MANN, Reg. No. 43774*
                Senior Assistant Attorney General
                Public Officials Unit / State Services Section
                1300 Broadway, 6th Floor
                Denver, CO 80203
                Telephone: (720) 508-6500
                Email: Stefanie.mann@coag.gov
                *Attorney for Defendant Jared Polis*
                *Counsel of Record

# CERTIFICATE OF SERVICE

I hereby certify that on May 26, 2022, I served a true and complete copy of the foregoing **THE GOVERNOR'S RULE 12(B)(1) AND (6) MOTION TO DISMISS** upon all parties herein by e-filing with the CM/ECF system maintained by the court and/or email, addressed as follows:

Katherine N. Hoffman, Esq.
Andrew David Ringel, Esq.
Edmund Martin Kennedy, Esq
Hall & Evans, L.L.C.
1001 17th Street, Suite 300
Denver, CO  80202
hoffmank@hallevans.com
*Attorneys for Defendants Jerry Roark, David Hestand and Steven Salazar*

Philip Timothy Barrett
Ralph L. Carr Colorado Judicial Center
1300 Broadway
Denver, CO  80203
Philip.barrett@coag.gov
*Attorney for Defendants Dean Williams, Gypsy Kelso, Anthony A. DeCesaro, Marshall Griffith and Travis Trani*

and hereby certify that I have mailed the document to the following non-CM/ECF participant via U.S. Mail:

Rodney Douglas Eaves, #173190
Bent County Correctional Facility (BCCF)
11560 Road FF75
Las Animas, CO  81054-9573
*Pro Se Plaintiff*


　　　　　　　　　　　　　　　　　　　　*s/* Xan Serocki
　　　　　　　　　　　　　　　　　　　　*Xan Serocki*