IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:21-cv-01269-KAS

RODNEY DOUGLAS EAVES,

    Plaintiff,

v.

JARED POLIS, et al.,

    Defendants.

---

### PLAINTIFF'S MOTION TO RECUSE

---

Plaintiff Rodney Eaves, through undersigned counsel, respectfully moves for the recusal of Magistrate Judge Starnella from this matter under 28 U.S.C. § 455. *See*, *e.g.*, *Sphere Drake Ins. Ltd. v. All Am. Life Ins. Co.*, 307 F.3d 617, 621–22 (7th Cir. 2002) (describing two-year norm for judge to wait before sitting on cases involving former clients). Counsel state in support:

**D.C.Colo.LCivR 7.1 CONFERRAL**

Pursuant to D.C.Colo.LCivR 7.1, Plaintiff's counsel conferred with counsel for Bent County Correctional Facility ("BCCF") Defendants, Colorado Department of Corrections ("CDOC") Defendants, and Defendant Polis on the relief requested herein. Defendants take no position on this motion.

**BACKGROUND**

Mr. Eaves is an enrolled member of the Sac and Fox Nation of Stroud, Oklahoma, a federally recognized tribe. Mr. Eaves filed this lawsuit pro se against Governor Polis, the

1

Director of the CDOC, and other CDOC officials, as well as other defendants.[1] Mr. Eaves brought claims under the First Amendment's Free Exercise Clause, the Eighth Amendment, the Fourteenth Amendment's Equal Protection Clause, the Fourteenth Amendment's Due Process Clause, and the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. § 2000cc. ECF Doc. 66. All parties initially consented to the jurisdiction of Magistrate Judge Mix. Doc. 46.

On March 30, 2023, Magistrate Judge Mix granted in part and denied in part various Defendants' motions to dismiss. ECF Doc. 106. As pertinent here, the Court denied dismissal regarding the First Amendment Free Exercise and RLUIPA bases of liability of Claims 1, 3, 4, and 6. *Id.* at 64. Mr. Eaves alleges, among other allegations, that defendants have substantially burdened his ability to practice his religion. The Court also addressed the viability of equitable relief claims against Defendant Polis, denying Defendant Polis's motion that the Eleventh Amendment bars Mr. Eaves's equitable relief claims under the federal constitution.[2] *Id.* at 10-13. Finally, the Court determined personal participation by the CDOC Defendants and Defendant Polis was adequately alleged by Mr. Eaves. *Id.* at 28-31, 38, 41. Claims remain active against the CDOC Defendants and Defendant Polis.

The Court granted dismissal in other respects, and Mr. Eaves filed a Motion for Reconsideration addressing the dismissed claims on April 26, 2023. ECF Doc. 144 (Objections to the Court's Order to Dismiss [Doc 106] and Request for Amended or Additional Findings

---

[1] CDOC Defendants are Director Dean Williams, Gypsy Kelso, Anthony A. DeCesaro, Marshall Griffith, Travis Trani, Jason Smith, Andre Stancil, and Matt Hansen. Mr. Eaves also sues in this lawsuit several Defendants at BCCF, a private prison run by CoreCivic.
[2] Defendant Polis appealed. ECF Doc. 116.

Pursuant to FRCRP Rule 52(b) and Motion to Correct Pursuant to FRCP Rule 60(a)). This Motion for Reconsideration is currently pending before the Court.

Stephanie M. Frisinger and David G. Maxted entered their appearances on behalf of Mr. Eaves in July of 2023. ECF Docs. 149, 150. On August 7, 2023, after Magistrate Judge Mix recently retired, the case was reassigned to Magistrate Judge Starnella. ECF Doc. 151. Magistrate Judge Starnella was recently appointed and was sworn into office by Chief Judge Brimmer on August 7, 2023.

Before Magistrate Judge Starnella took the bench last month, she worked in the Colorado Attorney General's Office and in private practice, and in counsel's experience she often represented CDOC officials and employees in defending prisoner litigation. Then-attorney Starnella ("Attorney Starnella") had a distinguished career representing primarily defendants to prisoner civil rights actions, just like this case, and to counsel's knowledge focused on defending CDOC and other prison defendants in Colorado. In fact, during much of her career Attorney Starnella appears to have focused almost exclusively on representing state and other defendants in prisoner civil rights actions.

In support of this factual basis, counsel state that they searched PACER for cases in the District of Colorado with Kathryn Anne Teresa Starnella listed as an attorney. A total of 125 cases in the District of Colorado listed Attorney Starnella as an attorney of record in cases filed between 2008 and 2021. Counsel reviewed the docket of each case but due to the high number of cases could not review each docket's filings. However, based on this docket review, counsel learned the following:[3]

---

[3] This count of 125 cases obviously only includes filed cases in federal court. Counsel are aware that in some cases, legal demands or claims are resolved without litigation. Therefore, counsel expect there may be a substantial number of additional potential federal matters in which

- By counsel's review, in at least 104 out of 125 District of Colorado cases in which Attorney Starnella was an attorney of record, she represented a defendant to a civil action brought by a prisoner.

- The vast majority of the 104 cases in which Attorney Starnella defended a prisoner action were listed as "42:1983 Prisoner Civil Rights" actions, in which prisoners filed civil rights lawsuits against prison staff or CDOC officials. A small handful of the 104 cases involved habeas petitions—approximately 6 by counsel's count; the remainder involved constitutional and other civil rights claims brought by prisoners.

- The substantial majority of the 104 prisoner cases involved Attorney Starnella's representation of CDOC defendants such as staff or other officials, in many cases including the Director of the CDOC and/or the governor of Colorado as defendants.

- Attorney Starnella's representation of CDOC and other defendants in prisoner civil rights actions began with a case filed in 2008 (the earliest entry for her in PACER for the District of Colorado), and continued up to the end of her work as an attorney before becoming a Magistrate. The last case filed in PACER in which Starnella was an attorney was *Estate of Kinlock v. Action Staffing Solutions, Inc.*, et al, Case No. 21-cv-3472-WJM-KLM, in which the undersigned was counsel for plaintiffs in a prisoner civil rights action and Attorney Starnella represented multiple CDOC prison staff. Therefore, counsel assert that throughout the span of years, Attorney Starnella represented defendants in prisoner civil rights lawsuits of the same nature as Mr. Eaves case here.

---

Attorney Starnella represented CDOC or other prison defendants in defending or resolving prisoner claims.

Additionally, upon counsel's docket review of these 125 cases, in a substantial number of cases, Attorney Starnella represented either the same defendant, or co-defendants, as attorneys Andrew Ringel and Edward Kennedy of Hall & Evans LLC, who are attorneys of record in Mr. Eaves's case here, defending prisoner civil rights actions, including:[4]

- *Glasser v. King et al*, 12-cv-624-WYD-CBS: Attorney Starnella and Andrew Ringel represented co-defendants in this prisoner civil rights action.

- *Sparks v. Singh et al*, 12-cv-1897: Attorney Starnella and Andrew Ringel and Edmund Kennedy of Hall & Evans LLC represented co-defendants in this prisoner civil rights action. Additionally, a Hall & Evans LLC attorney eventually replaced Attorney Starnella in representing the same client, Gregory Kirkland, a defendant in Mr. Eaves's case here.

- *Afola v. Corr. Corp. of Am.*, No. 1:12CV02394-JLK, 2013 WL 2477126 (D. Colo. June 10, 2013): CDOC and other prison defendants represented by attorneys including Andrew David Ringel and Edmund Martin Kennedy, Hall & Evans, LLC, and Attorney Starnella, Colorado Attorney General's Office.

- *Havens v. Clements*, No. 13-CV-00452-MSK-MEH, 2013 WL 5492708 (D. Colo. Sept. 30, 2013):  CDOC defendants represented by attorneys including Attorney Starnella of the Colorado Attorney General's Office, and Andrew David Ringel and Edmund Martin Kennedy of Hall & Evans, LLC.

- *Lopez v. Wasko*, No. 14-CV-01705-WYD-KLM, 2014 WL 4746723 (D. Colo. Sept. 24, 2014): CDOC and other defendants represented by attorneys including Attorney

---

[4] As noted above, given counsel can only search filed cases, there are likely other cases which did not reach litigation, in which there may have been overlap in attorney representation of the nature described herein. Moreover, due to the extensive burden, counsel were not able to search Colorado state cases in e-filing to tally cases in which Attorney Starnella represented co-defendants or the same defendant as any counsel of record in this case.

Starnella, Colorado Attorney General's Office, and Andrew David Ringel, Edmund Martin Kennedy, Hall & Evans, LLC.

- *Swan v. Fauvel et al*, 15-cv-103-WJM-NYW: Attorney Starnella and Andrew Ringel of Hall & Evans LLC representing co-defendants in this prisoner civil rights action.

- *Mares v. Raemisch*, No. 16-CV-00615-RBJ-NYW, 2017 WL 713924 (D. Colo. Feb. 17, 2017): CDOC defendants represented by attorneys including Attorney Starnella of the Colorado Attorney General's Office, and Andrew David Ringel of Hall & Evans, LLC.

- *Mackey v. Woodson et al*, 17-cv-1341-CMA-STV: Attorney Starnella and Andrew Ringel and Edmund Kennedy of Hall & Evans LLC represented **the same defendant**, Bridgette Watson, defending this prisoner civil rights action.

This overlap in defending prisoner cases along with Messrs. Ringel and Kennedy, over a period of many years, would have created a long-standing working relationship with Messrs. Ringel and Kennedy. Undersigned counsel would not be able to ascertain in which cases, if any, the respective co-defendants entered into joint defense or confidentiality agreements, or which cases in which defense counsel worked closely together defending multiple clients. Although it is possible in some cases that the various co-defendants were at odds, in counsel's experience it is more often the case that co-defendants are on "the same team" in seeking to achieve dismissal of charges or a favorable outcome. Such information would be privileged and confidential and known only to the attorneys and clients involved.

Attorney Starnella also represented CDOC defendants and other prison defendants in prisoner civil rights cases filed in Colorado state court.[5] Counsel searched the state electronic

---

[5] As noted above, claims or demands may also have involved representation without a legal case being filed. Therefore, the actual number of CDOC or other prison defendants represented in

filing system for Attorney Starnella's name, and a list of 142 cases was generated. Due to the burden and cost ($15 per case) of reviewing these cases individually, counsel have not reviewed every state case. However, even a brief review of recent Colorado state cases shows a similar pattern as in PACER, in which Attorney Starnella also primarily represented CDOC and other prison defendants in various prisoner civil actions. For instance, 13 of the first 20 cases listed on the state e-filing system show CDOC defendants represented by Attorney Starnella.

Notably, Attorney Starnella represented Governor Polis, the Director of the CDOC, and the CDOC, defending a prisoner class action lawsuit which is still in litigation. *See, e.g.*, *Richard Lilgerose et al. v. Polis et al.*, Denver District Court Case No. 2022CV030421. In the *Lilgerose* case, Attorney Starnella was opposing counsel to the counsel on record in this case, Stephanie M. Frisinger and David G. Maxted, who continue to represent plaintiffs in the *Lilgerose* case. Attorney Starnella withdrew as counsel for defendant Polis and the CDOC defendants in the *Lilgerose* case on June 12, 2023.

Further, Attorney Starnella has represented CDOC defendants in prisoner civil rights cases very similar to this one, in which prisoners filed religious-based constitutional and/or other religious civil rights claims under federal statutes. While it would be extremely burdensome and expensive to review the filings in each and every case[6] to ascertain which of these cases involved religious claims similar to those in Mr. Eaves' case, through Westlaw searches counsel are aware of at least some cases in which Attorney Starnella defended prisoner religious claims of this nature:

---

various civil matters may be substantially higher than the number of cases identified in Colorado state and federal courts.
[6] Counsel knows of approximately 267 filed cases (125 federal and 142 state).

- *Blount v. Marin*, No. 19-CV-00500-DDD-MEH, 2020 WL 5230711, at *12 (D. Colo. Sept. 2, 2020), *report and recommendation adopted,* No. 119CV00500DDDMEH, 2020 WL 7640219 (D. Colo. Dec. 23, 2020) (Attorney Starnella's motion for summary judgment granted; plaintiff failed to show material factual issues as to whether defendants' conduct substantially burdened his sincere religious beliefs and finding qualified immunity).

- *Ind v. Colorado Dep't of Corr.*, No. 09-CV-00537-WJM-KLM, 2012 WL 4033826, at *1 (D. Colo. Sept. 13, 2012), *rev'd and remanded,* 801 F.3d 1209 (10th Cir. 2015) (Attorney Starnella representing CDOC defendants in lawsuit arising from "Plaintiff's claims that CDOC policies unconstitutionally inhibit his ability to practice his religion").

Plaintiff's counsel respectfully allege that given Attorney Starnella's long experience defending prisoner civil rights actions, it is certain she also defended other cases involving prisoner religious claims beyond the two noted above. Most cases are not available on Westlaw and the above may represent a minority of cases involving religious claims that Attorney Starnella may have been involved in defending.

The undersigned is aware that Magistrate Judge Starnella was assigned a large number of cases and that reviewing cases for potential bases for recusal may be ongoing and may take time. Counsel are aware that Magistrate Judge Starnella has recused herself in at least one other case, *Morphew v. Chaffee County, et al.*, D. Colo. Case No. 23-cv- 01108-DDD-SKC, citing her relationship with the defendants' attorneys in that case through their work in the Colorado Attorney General's Office before she became a magistrate.

Plaintiff's counsel respectfully submit that recusal is appropriate in this case. Plaintiff requests that the Court grant the motion for recusal prior to the issuance of any rulings by Magistrate Judge Starnella.

## ARGUMENT

Under 28 U.S.C. § 455,

> (a) Any justice, judge, or magistrate judge of the United States shall disqualify himself [or herself] in any proceeding in which his [or her] impartiality might reasonably be questioned.
> (b) He [or she] shall also disqualify himself [or herself] in the following circumstances:
>> (1) Where he [or she] has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding . . . .

Whether recusal is appropriate is "evaluated on an *objective* basis, so that what matters is not the reality of bias or prejudice but its appearance..." *Liteky v. United States*, 510 U.S. 540, 548 (1994) (emphasis in original). "We must continuously bear in mind that to perform its high function in the best way justice must satisfy the appearance of justice." *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 864 (1988) (internal quotations omitted) (when considering recusal under § 455 "it is appropriate to consider the risk of injustice to the parties in the particular case, the risk that the denial of relief will produce injustice in other cases, and the risk of undermining the public's confidence in the judicial process.").

"If the question of whether § 455(a) requires disqualification is a close one, the balance tips in favor of recusal." *Nichols v. Alley*, 71 F.3d 347, 352 (10th Cir. 1995); *Bryce v. Episcopal Church in the Diocese of Colo.*, 289 F.3d 648, 659 (10th Cir. 2002) ("If the issue of whether § 455 requires disqualification is a close one, the judge must be recused."). The test for whether a judge must recuse herself "is whether a reasonable person, knowing all the relevant facts, would

9

harbor doubts about the judge's impartiality." *Hinman v. Rogers*, 831 F.2d 937, 939 (10th Cir. 1987).

An authoritative analysis from the Seventh Circuit suggests that waiting two years is "the norm" for new judges in hearing controversies regarding former clients. *Sphere Drake Ins. Ltd. v. All Am. Life Ins. Co.*, 307 F.3d 617, 621–22 (7th Cir. 2002) (opinion by Circuit Judge Easterbrook); *see also United States v. Davis*, 801 F. App'x 75, 78 (4th Cir. 2020) (citing *Sphere*); *see also Duke Energy Carolinas, LLC v. NTE Carolinas II Holdings, LLC.*, No. 319CV00515KDBDSC, 2021 WL 7541481, at *4 (W.D.N.C. Dec. 8, 2021) (citing *Sphere*); *see also Fifty-Six Hope Rd. Music Ltd. v. UMG Recordings, Inc.*, No. 08 CIV. 6143 KBF, 2011 WL 6153708, at *5 (S.D.N.Y. Dec. 7, 2011) (citing *Sphere*); *see also Dillingham v. Schofield*, No. 2:11-CV-07, 2011 WL 3664470, at *11 (E.D. Tenn. Aug. 19, 2011) (citing *Sphere*).

Here, counsel respectfully urge that recusal is appropriate for several reasons. First, Attorney Starnella in a number of cases represented the same defendant, or a co-defendant, as attorneys of record in this case, Andrew Ringel and Edmund Kennedy of Hall & Evans LLC. In at least one known case, Attorney Starnella and Messrs. Ringel and Kennedy represented the same defendant in the same case (*Mackey v. Watson*). As noted above, undersigned counsel would not have access to privileged information regarding the extent of coordination between defense counsel in these cases. However, such information is not necessary to perceive that recusal is appropriate. Counsel allege that the overlap in defendants and cases over an extended period of years would have involved a close, long-standing working relationship between defense counsel. Given the long-standing relationship working alongside Messrs. Ringel and Kennedy defending prisoner cases, and in at least one case the same client, counsel respectfully urge that at this early stage of her role as a Magistrate, recusal is appropriate, for similar reasons

10

that Magistrate Judge Starnella recused from the case in *Morphew v. Chaffee County, et al.*, D. Colo. Case No. 23-cv- 01108-DDD-SKC. Counsel submit recusal is appropriate both due to the potential bias in favor of these parties, or at a minimum due to the objective appearance of bias or the appearance of impartiality that is clear based on these facts. § 455(a)-(b).

Second, recusal is also appropriate under both § 455(a) and (b) due to the risk of bias, or at a minimum the appearance of bias or impartiality, arising from the overlap in clients in this case. Just a few months ago Magistrate Judge Starnella represented Governor Polis and CDOC Defendants in defending prisoner litigation pursued by plaintiffs represented by undersigned counsel. She now sits in judgment over similar prisoner litigation against these same former clients, Defendant Polis and CDOC Defendants. The overlap also goes deeper: Magistrate Judge Starnella represented Defendant CDOC or CDOC officials during the time in which the violations alleged by Plaintiff in this case took place (*i.e.,* 2020-present) in the *Lilgerose* case. This means that Magistrate Judge Starnella had a duty of loyalty and confidential relationship with Defendant Polis and CDOC Defendants during the time period in which Plaintiff's alleged violations in this case were occurring. Her duty of loyalty to the Governor and the CDOC clients during that time period, as well as access to confidential information of her clients during that time period, deepens the risk of bias, as well as the appearance of potential bias or impropriety. For this reason, recusal is appropriate under § 455(a) and (b).

Given every attorney's duty of loyalty to their clients, a reasonable person may question whether a judge can so quickly disavow loyalty to a former client in circumstances such as these, so close in time to her prior representation. *See, e.g. People ex rel. Peters v. Dist. Court*, 951 P.2d 926, 929-30 (Colo. 1999) (a lawyer is required to "maintain a paramount duty of loyalty to the client"); Colo. RPC 1.7, cmt. [1], "General Principles" ("Loyalty and independent judgment

11

are essential elements in the lawyer's relationship to a client"). This is particularly so given then-Attorney Starnella's long-standing loyalty and representation of CDOC Defendants in a substantial quantity of state and federal cases for well over a decade. According to the information counsel are aware of through PACER and the Colorado e-filing system, Attorney Starnella focused almost exclusively on cases defending CDOC and other prison defendants in prison cases of this nature. In light of this commitment and longstanding loyalty, and particularly the closeness in time (again, just a matter of months), recusal is appropriate in this case. Counsel stress that this is not to say that a judge may never sit in judgment on a case involving a former client. Though no bright-line rule should exist, the two-year norm discussed in *Sphere*, 307 F.3d at 621–22, and cited in numerous cases, is instructive.

Third, counsel also submit that recusal is appropriate given the similarity of this action to cases defended by Magistrate Judge Starnella as an attorney. Without conducting an extremely burdensome review of every filing, counsel cannot identify every case involving religious rights claims in which Attorney Starnella defended CDOC or a prison official. However, at a minimum there are several cases known about with orders available on Westlaw in which Attorney Starnella defended claims similar to those alleged in this case, involving constitutional and statutory religious civil rights claims. *E.g., Blount*, 2020 WL 5230711, at *12; *Ind v. Colorado Dep't of Corr.*, 2012 WL 4033826, at *1.

In light of this specific overlap in the nature of claims, the motion here is distinguishable from Magistrate Judge Starnella's order denying recusal in *Birts v. CDOC et al*, Case No. 23-cv-597-PAB-KAS (Doc. 56, Order filed 9/8/2023). There, Magistrate Judge Starnella denied recusal, noting she had not defended similar cases as the claims raised there: "I was not involved in and had no knowledge of any cases such as this one involving HIV or syphilis and the

12

CDOC's treatment (or lack of treatment) related to same." *Id.* at 3. Here, in stark contrast, then-Attorney Starnella capably defended prisoner religious claims of a similar nature to those in this case. This experience may impact her ability to sit in judgment here for a number of reasons. For instance, it may have given her insight into the facts or circumstances of religious practice within CDOC prisons, and the various policies and procedures governing religious practice within CDOC prisons. It would be impossible for counsel to specify the similarities without a more burdensome and excessive review of the discovery of the cases, which would not be available to counsel in any event. Counsel respectfully urge that such detailed inquiry is not proper: at a minimum, given the similarity in cases, there is an impermissible risk of the appearance of potential bias or impartiality that necessitates recusal under § 455(a) and (b).

Viewed objectively, under these circumstances a reasonable person would "harbor doubts" about the possibility of actual bias in favor of the former client, and at a minimum the appearance of bias and impartiality, so recusal is appropriate under § 455. *Hinman*, 831 F.2d at 939. Given the multiple different factual and legal bases in support of recusal, counsel respectfully urge that even if this Court considers it a close case, that the balance should tip "in favor of recusal." *Nichols*, 71 F.3d at 352.

## CONCLUSION

For the foregoing reasons, Plaintiff Rodney Eaves respectfully moves for the recusal of Magistrate Judge Starnella from this case.


DATED: September 15, 2023.

                                                Respectfully submitted,

                                                *s/ Stephanie M. Frisinger*
                                                Stephanie M. Frisinger

>David G. Maxted
>M<small>AXTED</small> L<small>AW</small> LLC
>1543 Champa Street Suite 400
>Denver, CO 80202
>stephanie@maxtedlaw.com
>dave@maxtedlaw.com
>303-353-1535
>
>*Attorneys for Plaintiff*

14

## CERTIFICATE OF SERVICE

I hereby certify that on September 15, 2023, I electronically filed the foregoing motion with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel of record, including:

Andrew D. Ringel
Edmund M. Kennedy
Katherine N. Hoffman
HALL & EVANS, LLC
1001 17th Street, Suite 300
Denver, CO 80202
303-628-3300
hegartym@hallevans.com
ringela@hallevans.com
hoffmank@hallevans.com
*Attorneys for BCCF Defendants:*
*Jerry Roark*
*David Hestand*
*Steven Salazar*


Grant T. Sullivan
Michael T. Kotlarczyk
Colorado Attorney General's Office
Ralph L. Carr Colorado Judicial Center
1300 Broadway
Denver, CO 80203
grant.sullivan@coag.gov
mike.kotlarczyk@coag.gov
720-508-6000
*Attorneys for Defendant Jared Polis*

Mark Christopher Lockefeer
Philip Timothy Barrett
Colorado Attorney General's Office
Ralph L. Carr Colorado Judicial Center
1300 Broadway
Denver, CO 80203
mark.lockefeer@coag.gov
philip.barrett@coag.gov
720-508-6000
*Attorneys for Defendants:*
*Dean Williams*
*Gypsy Kelso*

*Anthony A. DeCesaro*
*Marshall Griffith*
*Travis Trani*
*Jason Smith*
*Andre Stancil, in his official capacity*
*Matt Hansen, in his official capacity*

<u>s/ Stephanie M. Frisinger</u>
Stephanie M. Frisinger
