IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:21-cv-01269-KAS

RODNEY DOUGLAS EAVES,

    Plaintiff,

v.

JARED POLIS, et al.,

    Defendants.

## PLAINTIFF'S MOTION TO SET SCHEDULING CONFERENCE

Plaintiff Rodney Eaves, through undersigned counsel, respectfully moves this Court to set a scheduling conference and order Plaintiff and the Colorado Department of Corrections (CDOC) Defendants and Bent County Correctional Facility (BCCF) Defendants to submit a proposed scheduling order pursuant to Fed. R. Civ. P. 16(b)(1). Counsel state in support:

### D.C.Colo.LCivR 7.1 CONFERRAL

Pursuant to D.C.Colo.LCivR 7.1, Plaintiff's counsel conferred with counsel for the CDOC Defendants and BCCF Defendants on the relief requested herein. The CDOC and BCCF Defendants oppose this motion.

    1.    Mr. Eaves is an enrolled member of the Sac and Fox Nation of Stroud, Oklahoma, a federally recognized tribe. Mr. Eaves filed this lawsuit pro se against Governor Polis, the Director of the CDOC, CDOC employees, and BCCF employees.[1]

---

[1] CDOC Defendants are Director Dean Williams, Gypsy Kelso, Anthony A. DeCesaro, Marshall Griffith, Travis Trani, Jason Smith, Andre Stancil, and Matt Hansen. BCCF Defendants are Jerry Roark, David Hestand, and Steven Salazar.

2. Defendant Polis, CDOC Defendants, and BCCF Defendants each filed motions to dismiss Plaintiff's originally filed complaint, ECF Doc. 1. ECF Docs. 23, 24, and 45. CDOC and BCCF Defendants thereafter filed a joint motion asking the Court to "issue a temporary stay of discovery related to Plaintiff's claims against them pending the Court's ruling on their Motions to Dismiss." ECF Doc. 33 at 6.

3. The Court granted a temporary stay discovery, ordering that "[d]iscovery is stayed pending resolution of the Motions to Dismiss." ECF Doc. 50 at 4.

4. Plaintiff later amended his complaint bringing additional claims. ECF Doc. 66. Defendant Polis, CDOC Defendants, and BCCF Defendants each filed motions to dismiss the amended complaint, which Plaintiff opposed.

5. On March 30, 2023, the Court granted in part and denied in part the various motions to dismiss. ECF Doc. 106. The Court denied dismissal regarding the First Amendment Free Exercise and RLUIPA bases of liability of Claims 1, 3, 4, and 6. *Id.* at 64. Claims remain active against Defendant Polis, CDOC Defendants, and BCCF Defendants.

6. The motions to dismiss have been resolved. Therefore, the order temporarily staying discovery "pending resolution of the Motions to Dismiss" is no longer in effect, and discovery should proceed as to all defendants except Defendant Polis, against whom proceedings are stayed pending interlocutory appeal.[2] Because no stay exists against the other defendants, the regular discovery process should commence.

7. The Federal Rules of Civil Procedure state that the district court "must issue a scheduling order" after either holding a scheduling conference or receiving consideration of the

---

[2] Defendant Polis filed a motion to stay all proceedings as to the Governor pending the resolution of his interlocutory appeal. ECF Doc. 124. The Court granted that motion on June 8, 2023. ECF Doc. 138.

parties report pursuant to Rule 2(f). Fed. R. Civ. P. 16(b)(1).[3] That is what Plaintiff asks this Court to do.

WHEREFORE, for the foregoing reasons, Plaintiff respectfully requests that the Court set a scheduling conference and associated deadlines, including an order to the Plaintiff and CDOC and BCCF Defendants to submit a proposed scheduling order, so that discovery proceeds pursuant to Fed. Rule Civ. P. 16.

DATED: December 8, 2023.

        Respectfully submitted,

        *s/ Stephanie M. Frisinger*
        Stephanie M. Frisinger
        David G. Maxted
        MAXTED LAW LLC
        1543 Champa Street Suite 400
        Denver, CO 80202
        stephanie@maxtedlaw.com
        dave@maxtedlaw.com
        303-353-1535

        *Attorneys for Plaintiff*

---

[3] Plaintiff filed a motion for reconsideration of the order partially dismissing, which is pending. Plaintiff also filed a motion for recusal which is pending and Plaintiff continues to urge this motion for recusal should be granted. The fact that motions are pending does not bear on the above analysis. Neither of these pending motions extended the temporary stay of discovery which has now expired. Regardless, the original justification for the temporary stay of discovery hinged on the *String Cheese* factors and the possibility that total dismissal might result in discovery being "unnecessary." Doc. 50 at 3. Now that dismissal has been denied as to certain claims, discovery is necessary and a temporary stay would not be supportable under the *String Cheese* factors in any event. Discovery should proceed as to the CDOC and BCCF Defendants.

## CERTIFICATE OF SERVICE

I hereby certify that on December 8, 2023, I electronically filed the foregoing motion with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

<u>s/ Stephanie M. Frisinger</u><br>
Stephanie M. Frisinger