IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:21-cv-01269-KAS

RODNEY DOUGLAS EAVES,

    Plaintiff,

v.

JARED POLIS, et al.,

    Defendants.

**PLAINTIFF'S REPLY IN SUPPORT OF HIS
MOTION TO SET SCHEDULING CONFERENCE**

Plaintiff Rodney Eaves, through undersigned counsel, respectfully submits this reply in support of his motion for this Court to set a scheduling conference. Plaintiff filed his Motion to Set Scheduling Conference on December 8, 2023. Doc. 158. CDOC Defendants and BCCF Defendants both submitted a response to Plaintiff's motion on December 29, 2023, respectively Doc. 161; Doc. 160.

In their responses, both CDOC and BCCF Defendants argue (1) that since the Court has not ruled yet on Plaintiff's Motion to Reconsider, that a scheduling conference would be inappropriate at this time, Doc. 161 at 3-4; Doc. 160 at ¶ 15, and (2) that holding a scheduling conference prior to the Defendants' filing their respective Answers to Plaintiff's Amended Complaint would be inappropriate, Doc. 161 at 4; Doc. 160 at ¶ 16.[1]

---

[1] BCCF Defendants also argue that a scheduling conference would not be appropriate until Plaintiff's Motion to Recuse has been resolved. Doc. 160 at ¶ 14. That argument is moot, as this Court denied Plaintiff's Motion to Recuse on January 2, 2024. Doc. 162.

1

The Defendants' arguments should be rejected. Neither CDOC Defendants nor BCCF Defendants cite any authority supporting their arguments or that the scheduling conference should not move forward. *See, e.g., United States v. Heijnen*, 215 Fed. Appx. 725, 726 (10th Cir. 2007) ("issues are not supported by any developed legal argument or authority, and we need not consider them."); *Phillips v. Calhoun*, 956 F.2d 949, 953–54 (10th Cir. 1992) (citing favorably *Pelfresne v. Village of Williams Bay*, 917 F.2d 1017, 1023 (7th Cir.1990) ("[a] litigant who fails to press a point by supporting it with pertinent authority, or by showing why it is sound despite a lack of supporting authority or in the face of contrary authority, forfeits the point.")).

The Court was clear when it granted a temporary stay discovery – it ordered that "[d]iscovery is stayed pending resolution of the Motions to Dismiss." Doc. 50 at 4. The motions to dismiss have been resolved, and the Court did not extend the temporary stay of discovery beyond resolution of the motions to dismiss. Thus, the order temporarily staying discovery "pending resolution of the Motions to Dismiss" is no longer in effect. *See Wood v. United States*, 2:22-CV-636-DGE-DWC, 2023 WL 7183484, at *2, n.1 (W.D. Wash. Nov. 1, 2023) (district court finding that "[d]iscovery was stayed only pending the resolution of [defendant] BOP's motion to dismiss" and that "the motion to dismiss has been resolved, [so] the discovery stay has therefore expired" even though the plaintiff had a pending motion for reconsideration).

Discovery should proceed as to CDOC and BCCF Defendants. This Court should set a scheduling conference and associated deadlines and order Plaintiff and CDOC and BCCF Defendants to submit a proposed scheduling order, so that discovery proceeds pursuant to Fed. Rule Civ. P. 16.

DATED: January 12, 2024

                                                Respectfully submitted,

*s/ Stephanie M. Frisinger*
Stephanie M. Frisinger
David G. Maxted
MAXTED LAW LLC
1543 Champa Street Suite 400
Denver, CO 80202
stephanie@maxtedlaw.com
dave@maxtedlaw.com
303-353-1535

*Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify that on January 12, 2024, I electronically filed the foregoing motion with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

*s/ Stephanie M. Frisinger*
Stephanie M. Frisinger
